# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

In re: East West Resort Development V, L.P., L.L.L.P., et al.
_____

| | | |
|---|---|---|
| Iron Horse Condominium Association, | : | |
| Appellants, | : | |
| v. | : | C. A. No. 14-1352 |
| | : | Bankruptcy Case No. 10-10452 (BLS) |
| Northstar Mountain Properties, LLC, et al., | : | BAP No. 14-34 |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **8th** day of **December, 2014**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, I find the issues involved in this case are amenable to mediation and warrant proceeding through the mediation process. I recommend this matter be referred to the mediation panel.

Both parties agree that mediation would be beneficial; however, they disagree regarding the timing of mediation. Presently, there is a "tangentially" related matter involved in litigation in California for which mediation is ongoing: the first mediation session occurred on November 13, 2014 with a second mediation session to be scheduled in either December 2014 or January 2015. Appellant wishes to delay mediation in the appeal in this

court until after completion of the California mediation to try to accomplish a "consensual global resolution." Appellees desire to have mediation earlier and request a court-appointed mediator with significant bankruptcy experience.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(b) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter along with the companion matter *Northstar Village Association v. Northstar Mountain Properties, LLC, et.al.*, C.A. No. 14-1353 be referred to the mediation panel, with notification to the Clerk's Office.

IT IS FURTHER ORDERED that after selection of the mediator from the Panel, the mediator shall contact Chief Magistrate Judge Thynge regarding the prior mediation statements submitted by the parties.

Through this Order, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE